————o————

No. 6182.

## CARRE & COMPANY, LIMITED, vs. JAMES J. GAZIN.

### Syllabus.

A debtor's suit for the recovery of damages for slander and malicious prosecution is not exempt from seizure under execution issued by his judgment creditor.

Appeal from the Civil District Court, Parish of Orleans, Division "A," No. 98,353. Hon. T. C. W. Ellis, Judge.

Doyle & Rossi, for defendant in injunction and appellant.

Buck, Walshe & Buck, for plaintiff and appellee.

Lautenschlaeger, Montgomery & Armand Romain, attorneys.

· His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Gazin sued Huth, claiming damages for slander and malicious prosecution. Previous to that in the present suit Carre & Company, Limited, had obtained judgment in solido against Gazin and Huth and now, Huth, who has paid this solidary judgment and has become subrogated to the rights of Carre & Company, Limited, with respect thereto, has caused a fi fa to be issued herein against Gazin and has seized thereunder all the rights, title, and interest of said Gazin in the aforesaid damage suit of Gazin versus Huth. Gazin thereupon enjoined the execution of the writ and after trial the injunction was perpetuated. Huth now appeals.

The first point presented, involving Huth's right to issue execution, is without merit. Having paid the judgment for which he was bound with Gazin, he thereby became legally subrogated to the rights and privileges of Carre & Co., Ltd., against Gazin and this subrogation necessarily invested him with as complete a right to cause execution to issue as Carre & Company, Limited, previously possessed. R. C. C., 2161; C. P., 641.

The trial Court did not perpetuate the injunction on this ground, but held that a suit for damages for slander and malicious prosecution is purely personal and cannot be seized, but the judgment reserved to Huth the right to plead the judgment as a defense or in compensation of any judgment that Gazin might obtain in his suit for damages.

It is unnecessary to inquire whether or not a suit for damages for slander and malicious prosecution is heritable or non-heritable, assignable or non-assignable, personal or otherwise, or whether or not as was determined in the Irion vs. Knapp case, 132 La., 60, it is such an asset as is required to be placed upon a bankrupt's schedules under the terms of the Bankruptcy Act. For the sole

question here presented is whether or not the plaintiff's rights in such a suit may be seized in execution of a judgment against him.

"The general rule under our system is that every species of property is liable for the payment of debts. C. C., 3149. All exceptions to this general rule are the creatures of express legislation, and being in derogation of a general principle ought not to receive a latitudinarian construction."
**Hanna vs. Bry, 5 A., 651.**

Appellee cites R. 'C. C., 1992, as establishing his exemption:

"There are also rights which are merely personal, that cannot be made liable to the payment of debts, and therefore no contract respecting them comes within the provisions of this section; these are the rights of personal servitude, of use and habitation, of usufruct of the estate of a minor child, to the income of dotal property, to money due for the salary of an office, or wages, or recompense for personal services."

Appellee's view is that the rights enumerated as exempt from seizure are cited merely as examples and are not restrictive, and that there are other "rights which are merely personal," such as the action seized in the present instance, "that cannot be made liable to the payment of debts."

The Legislature, however, has apparently adopted a different view, for with the declared intention of merging and of making correspond R. C. C., 1992 with C. P. 644, it ignored the general provision of R. C. C., 1992, with respect to personal rights, and embodied in the corrective

— 42 —

statute simply the specifically enumerated rights of exemption contained in R. C. C., 1992.

### Act 17 of 1874.

And this aspect of the question is greatly strengthened when the subsequent amendment of C. P., 644, is considered, for Act 79 of 1876 not only repeals all laws in conflict therewith or upon the same subject-matter, but excepts from the operation of the repealing clause only certain specifically enumerated exemptions bestowed by other laws.

> "The Act of 1874 amended the Act of 1872 so as to make Art. 644, C. P. 'correspond with Art 1992, R. C. 'C.,' and gave a list of the exemptions contained in both the act and the article. By the legislative fusion both became practically one law, and both were therefore repealed by the amendment of 1876, which, under its repealing clause, became the sole successor of Art. 644, C. P., as originally framed, and the sole legislative declaration as to what may not be seized under a writ of **fieri facias.**"
> **Ross v. Rosenthal, 1 Ct. of Ap., 203.**

However, without presently expressing an opinion as to whether or not under this legislation, R. C. C., 1992, has in its entirety been superseded by 'C. P., 644, we are in any event clearly of the opinion that the exemption of personal rights asserted as existing under the former article, should not be extended so as to embrace a claim of the debtor such as has been seized in this case.

The right here seized is simply an action to recover a sum of money as damages for an alleged injury and we are unable to conceive why such an asset of the debtor—one possessing a property or monetary value which he himself has appraised—should be placed beyond the reach

of his creditors solely because it originated in an injury to his feelings or reputation as contradistinguished from an injury to his person or his property.

Vincent vs. Sharp, 9 An., 463.

Flaspoller vs. Sittig, 35 An., 992.

At any rate we are not inclined to recognize the existence of such an exemption except when clearly and expressly established by statute and to our knowledge no such statute exists.

It is accordingly ordered that the judgment be reversed and set aside and that there now be judgment in favor of Philip G. Huth and against James J. Gazin dissolving the injunction issued herein at the costs of the said Gazin in both Courts.

Judgment reversed.

Opinion and decree, November 9, 1914.

Rehearing refused, November 23, 1914.

Writ denied, January 13, 1915.